**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6817**

PAUL C. THOMPSON, JR.,

Plaintiff – Appellant,

v.

HAROLD W. CLARKE, Director, VDOC; DAVID B. EVERETT,
Regional Operations Chief, VDOC Eastern Region;
COMMONWEALTH OF VIRGINIA; THE GEO GROUP, INC., Contractor
with VDOC to operate and manage LVCC employees and staff to
provide medical care to plaintiff; E. WRIGHT, Warden at
LVCC; SHAW, Assistant Warden at LVCC (female); SHAW,
Assistant Warden at LVCC (male); FANT, Unit Manager of
Building #50 and the Therapeutic Community Program of
Addictions Treatment; DAVIS, Unit Manager for Building #70;
GRAVES, Unit Manager of Segregation; BOONE, Supervisor of
Segregation; GOODE, Health Services Administrator of the
LVCC Medical Department; KELLY, Law Library at LVCC; NURSE
LUCY, Nurse; UNKNOWN MEDICAL STAFF TO BE NAMED LATER,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, Chief
District Judge. (2:14-cv-00086-RBS-DEM)

Submitted: October 30, 2015          Decided: March 7, 2016

Before GREGORY, DIAZ, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Paul C. Thompson, Jr., Appellant Pro Se.  Richard Carson Vorhis, Senior Assistant Attorney General, Richmond, Virginia; Mark Richard Colombell, Michael Gordon Matheson, THOMPSON MCMULLAN PC, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Cleveland Thompson, Jr., appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2012) complaint. Thompson asserts that the district court erred in granting Defendants' motion to dismiss and abused its discretion in denying him leave to amend. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of a motion for leave to amend for abuse of discretion. Tatum v. RJR Pension Inv. Comm., 761 F.3d 346, 370 (4th Cir. 2014).

In his complaint, Thompson, a former inmate at the Lawrenceville Correctional Center in Virginia ("LVCC"), alleged, among other things, that officials at LVCC retaliated against him, in violation of his constitutional rights, for filing legal complaints against LVCC and LVCC officials. More specifically, Thompson claimed that he was denied psychiatric medication, leading to sleepless nights and a destabilizing mental

3

condition. This retaliation, he asserted, also violated the Virginia Tort Claims Act ("VTCA"), Va. Code Ann. § 8.01-195.1 to 195.9 (Westlaw through 2015 Reg. Sess.).

Retaliation against an inmate for the exercise of his First Amendment right of access to the courts can support a claim for relief under § 1983. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). A plaintiff's assertion that the retaliatory act was taken in response to the exercise of a constitutionally protected right, when supported by specific facts, is sufficient to state a retaliation claim. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). The facts alleged must warrant concern that the claimed retaliation was intended to have a chilling effect on the exercise of the plaintiff's right to access the courts. Am. Civ. Liberties Union v. Wicomico Cty., 999 F.2d 780, 785-86 & n.6 (4th Cir. 1993). The prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the courts and was reasonably calculated to have that effect. Hudspeth, 584 F.2d at 1348.

In light of these authorities, and after reviewing the record, we conclude that Thompson should be permitted to amend his complaint to identify specific defendants and provide supporting detail for his § 1983 claim that he was denied medical treatment in retaliation for pursuing legal action. On

4

remand, Thompson may also amend the analogous VTCA claim to name the Commonwealth of Virginia as the appropriate defendant and provide any further facts as to that claim.

We have reviewed Thompson's remaining claims and perceive no reversible error in their dismissal by the district court. Accordingly, we affirm in part, vacate in part, and remand for further proceedings. We deny as moot Thompson's motions for a stay pending appeal and for a ruling on his motion for a stay or injunction, and we deny his motions for expedited oral argument and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED